Michael S. Agruss
SBN: 259567
AGRUSS LAW FIRM, LLC
4619 N. Ravenswood Ave., Suite 303A
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
GABINO MUNOZ

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GABINO MUNOZ,** | Case No.: 5:15-cv-1360 |
| **Plaintiff,** | **COMPLAINT:** |
| **vs.** | **1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]** |
| **STELLAR RECOVERY, INC.,** | |
| **Defendant(s).** | **2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]** |
| | **3. VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING ACT [CAL. CIV. CODE §1785.25(A)** |

### <u>INTRODUCTION</u>

1.  Plaintiff, GABINO MUNOZ (Plaintiff) brings this action to secure redress from STELLAR RECOVERY, INC., (Defendant) for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692.  Plaintiff also brings this action to secure redress from Defendant for violations of the Rosenthal Fair Debt Collection Practices Act [CAL. CIV. CODE § 1788] and the California Consumer Credit Reporting Act (CCCRA), Cal. Civ. Code § 1785.25(a).

1

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is an individual, residing in Banning, Riverside County, California.  Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing.

5. Defendant is a corporation engaged in the business of collecting debts in this state and in several other states, with its principal place of business located in Kalispell, Montana.  The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect debts alleged to be due another and Defendant is a "debt collector" as defined by the FDCPA and the RFDCPA.

## FACTUAL ALLEGATIONS

7. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt."

8. Within one year prior to the filing of this action Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person

by reason of a consumer credit transaction and/or "consumer debt."

9. On April 3, 2015, Plaintiff pulled Plaintiff's credit report and noticed Defendant reported account number 14961371 as a charge off or collection account on Plaintiff's credit report.

10. On or about April 6, 2015, Plaintiff faxed a dispute letter to Defendant. *See* Plaintiff's letter to Defendant attached as Exhibit A.

11. On April 6, 2015, Defendant received Plaintiff's dispute letter. *See* the fax confirmation attached as Exhibit B.

12. Plaintiff's letter to Defendant included Plaintiff's full name, address, account number, and last 4 digits of Plaintiff's social security number so that Defendant could quickly and easily locate Plaintiff's account with Defendant.

13. Plaintiff's letter to Defendant clearly and unequivocally advised Defendant that the alleged debt was disputed.

14. Despite receiving Plaintiff's dispute letter, as of May 28, 2015, to Plaintiff's astonishment, Defendant continued to report the alleged debt on Plaintiff's credit report, but did not update its reporting of the debt to include the proper notations indicating that Plaintiff was disputing the alleged debt.

## FIRST CAUSE OF ACTION
### (Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated here.

16. Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:

3

a. Defendant violated 15 U.S.C. §1692e(8) by failing to report Plaintiff's alleged debt to the credit reporting bureaus as disputed by Plaintiff; and

b. Defendant violated 15 U.S.C. §1692e(10) by using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

17. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

18. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

**SECOND CAUSE OF ACTION**

**(Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)**

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated here.

20. Defendant violated the RFDCPA.  Defendant's violations include, but are not limited to, the following:

a. Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

21. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

22. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

4

## THIRD CAUSE OF ACTION
### (California Consumer Credit Reporting Agencies Act Cal. Civ. Code §§1785.25(a))

20. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length here.

21. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

22. California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

23. California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

24. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

25. Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

26. Actual damages pursuant to statute(s), in amounts to be determined at trial and for Plaintiff;

27. Statutory damages pursuant to statute(s);

28. Punitive damages pursuant to statute;

29. Costs and reasonable attorney's fees pursuant to pursuant to statute(s); and

30. For such other and further relief as the Court may deem just and proper.


DATED:  July 8, 2015                         RESPECTFULLY SUBMITTED,


                                        By:  /s/ Michael S. Agruss_____
                                            Michael S. Agruss
                                            Attorney for Plaintiff

# **<u>EXHIBIT A</u>**

**stellar recovery inc**
**1327 Highway 2 West Suite 100**
**Kalispell , MT 59901**
**Fax: 877-277-5520**

To Whom it may Concern:

I recently checked my credit report and found the above-mentioned account included in my credit history. I was not aware that I ever owed a debt to your company and question the validity of the account as being reported.

At your earliest convenience, please let me know what the above-mentioned account is regarding. Again, with no further information, I do not believe that I owe you any money and that your reporting otherwise is wrong. Additionally, please remove your information from my credit report until I confirm in writing that the debt is actually owed to you. All of my contact information is below.

Respectfully,

**Gabino Munoz**
**1002 Calderon Ct**
**Banning CA 92220**
**Last 4 of SSN# 7801**

# <u>EXHIBIT B</u>

Dear No,

**Re: UNKNOWN**

The 1 page fax you sent through MyFax.com to 18772775520 was successfully transmitted at 2015-04-06 19:46:31 (GMT).

The length of transmission was 35 seconds

The receiving machine's fax ID: 18772775520

If you need assistance, please visit our online help center at http://www.myfax.com/support/. Thank you for using the MyFax service.

Best Regards,
myFax.com

---

**Contact Customer Support**

**Hours:** 24 hours per day, 7 days a week.
**Email:** support@myfax.com

**North America**
Toll-Free: (866) 563-9212

**UK**
Free Phone: 0808 804 0015
International: (613) 260-6325

---